IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISON

| | | |
|---|---|---|
| JOE OWENS | : | Civil Action No. 5:07-CV-04029 |
| Plaintiff, | : | |
| vs. | : | |
| CENTRAL CREDIT SERVICES, INC. | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Joe Owens, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Joe Owens, is a natural person now residing Sioux City, Iowa.

4. Defendant, Central Credit Services, Inc. (hereinafter "Central Credit") is a debt collector engaged in the business of collecting debts in the state of Iowa with its principal place of business being in Jacksonville, Florida.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Central Credit Services, Inc. is attempting to collect an alleged debt that originated from Sears. That account was transferred to LVNV Funding, LLC, then to Central Credit.

7. Central Credit called Mr. Owens in an attempt to collect the alleged debt. Mr. Owens informed Central Credit that he was being represented by the Johnson Law Firm and that all further communications should be directed to the Johnson Law Firm at the phone number that he provided.

8. On November 11, 2006 Kay Thompson of Central Credit called the Johnson Law Firm in regards to the status of Mr. Owens' alleged debt. The Johnson Law Firm informed Central Credit that Mr. Owens was on Social Security Disability, he was unable to pay his bill at that time and that they should not continue to contact Mr. Owens directly. Central Credit replied by saying that the Johnson Law Firm was not saying anything different than what Mr. Owens was saying and that they could simply ignore the fact that the Johnson Law Firm was representing Mr. Owens. Central Credit went on to say that they would not stop contacting Mr. Owens.

9. Central Credit continued to contact Mr. Owens directly, including sending a letter to Mr. Owens on December 8, 2006 in an attempt to collect the alleged debt.

10. On December 9, 2006 Central Credit contacted Mr. Owens by phone.

11. Central Credit's continual harassment of Mr. Owens has caused him considerable emotional distress.

## V. FIRST CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Central Credit contacted Mr. Owens when it was known that he was being represented by an attorney in violation of 15 U.S.C. § 1692c(2).

14. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

15. All facts and allegations of this Complaint are incorporated herein by reference.

16. For purposes of Mr. Owens' alleged obligation, Central Credit was collecting for a "creditor" as defined in Iowa Code § 537.7102(2).

17. Mr. Owens' alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

18. With regard to attempts to collect from Mr. Owens as alleged herein, Central Credit was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

19. Defendant violated the State Act. The foregoing acts, omissions and practices of Central Credit were violations of Iowa Code § 537.7103, including but not limited to:

    a. Taking an action prohibited by Iowa Code Chapter 537 or other law in violation of Iowa Code § 537.7103(1)(f).

    b. Contacting Mr. Owens' when it was known that he was being represented by an attorney in violation of Iowa Code § 537.7103(5)(e).

20. As a proximate result of the unfair debt collection, Mr. Owens has suffered actual damages and injury for which he should be compensated in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Statutory damages pursuant to Iowa Code § 537.5201(1).

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

    E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com